PEOPLE ex rel. UNITED NATURAL GAS CO. v. PRIEST et al., State Board of Tax Com'rs.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

1. TAXATION (§ 165*)—FOREIGN CORPORATIONS—FRANCHISE.
   Under the statute providing that a domestic corporation, in order to obtain a special franchise to occupy the highway by laying pipe therein to transport natural gas, must obtain the consent of the commissioner of highways in addition to the consent of the abutting owners, but which does not specify how such consent shall be obtained, a foreign corporation which obtained a license to do business in the state, and which had laid its pipes through a village in its highways with the knowledge and tacit consent of the town officers, and retained them there in continuous use for a long period of years without objection from such officials, though without an express grant, must be held to have a special franchise from the village which is subject to taxation.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 287; Dec. Dig. § 165.*]

2. TAXATION (§ 165*)—FOREIGN CORPORATIONS—FRANCHISE—ESTOPPEL.
   And such corporation by its long use is estopped to declare that it has no such franchise.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 287; Dec. Dig. § 165.*]

Appeal from Special Term, Cattaraugus County.

Certiorari by the People on the relation of the United Natural Gas Company against George E. Priest and others, members of the State

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Board of Tax Commissioners, to review an assessment of the relator. From a judgment confirming the assessment and quashing the writ (70 Misc. Rep. 69, 126 N. Y. Supp. 472), relator appeals. Affirmed.

The proceeding was commenced by the issuance of a writ of certiorari September 5, 1900, to review the assessment of the relator for a special franchise in the town of Little Valley, Cattaraugus county, for the year 1900. The State Board of Tax Commissioners made return to such writ. The facts were agreed upon, and the sole question presented by this appeal is whether, under the facts stipulated, the relator occupies certain highways in the town of Little Valley under a special franchise. If such special franchise exists, it is properly assessable as such.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Lewis E. Carr, of Albany, for appellant.

Dana L. Jewell, of Olean, for respondents.

McLENNAN, P. J. In the year 1886 the National Transit Company, a Pennsylvania corporation, acquired a right of way for the laying and maintenance of pipes for the transportation of gas through the town of Little Valley by grants from the owners of the lands through which such right of way passed. Such grants were in writing, duly acknowledged, and recorded in the office of the clerk of Cattaraugus county. They were of uniform terms, varying only as to names and descriptions of premises, and in each case gave to said company the right to lay its pipes through the lands described, the description running to the center of the highway upon which the lands abutted. The rights of way so obtained were thereafter, and about April 4, 1894, assigned and transferred by the National Transit Company to the United Natural Gas Company, relator herein, also a Pennsylvania corporation, which has since remained, and still is the owner thereof, together with the pipes laid therein. Two lines of eight-inch wrought iron pipe for the transportation of natural gas from Pennsylvania to the city of Buffalo and vicinity have been so laid. The lines cross two highways, and are within the bounds of a highway within the town of Little Valley for a distance of 6400 feet, but concededly had not interfered with or impaired the ordinary public use of the highways. No grant for the laying and maintaining of said pipes in and across said highways was ever obtained from the commissioner of highways, or from any other official of the town of Little Valley. The said right of way has been continuously occupied by the National Transit Company and its successor, the relator herein, since the year 1886, under said grants. In January, 1893, a certificate was granted to the relator by the Secretary of this State, certifying:

"That the United Natural Gas Company, which appears from the papers filed in this office on the 3d day of January, 1893, to be a foreign stock corporation, organized and existing under the laws of the state of Pennsylvania, has complied with all the requirements of law to authorize it to do business in this state, and that the business of such corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business."

A certificate in the same form was on the same day issued to the National Transit Company. .

In the year 1900 the defendants, constituting the State Board of Tax Commissioners, assumed to assess the relator for special franchise in the town of Little Valley at the sum of $20,000, which was later in the same year reduced to $13,000, and in due course the tax levied under such assessment was paid by the relator. The relator does not question the right of the town of Little Valley to assess its tangible property, including the right of way and pipes laid therein in such town, but claims that, under the facts stated, it possesses no special franchise in such town which the defendants were authorized by law to assess. The defendants contend that the relator has, in fact, a special franchise in the town of Little Valley, or in any event, under the facts stated, is estopped from denying that it has such franchise.

[1, 2] In our opinion the relator has a special franchise to maintain its pipes in the highways in the manner above shown. While no express consent, written or otherwise, by the proper town officials, is shown, it must be conceded that such pipes were laid with the knowledge of such town officials, and that no objection to their maintenance has ever been made by such officials, and their acquiescence has been accepted by the relator as sufficient consent to the exercise of the rights which it has enjoyed, and we think, as contended by the defendants, that the relator, after all these years of continuous use of the highway, with at least the tacit consent of the town officials, should not now be heard to urge that it is wrongfully or without proper authority using and occupying the highway.

The relator relies upon the case of People ex rel. Retsof Mining Co. v. Priest et al., 75 App. Div. 131, 77 N. Y. Supp. 382, affirmed without opinion, 175 N. Y. 511, 67 N. E. 1088, to sustain its position, but we do not consider that case controlling here. It there appeared that the relator, a mining corporation, had laid pipes within the bounds of the highway for the purpose of furnishing water for its own use in mining operations. There, as here, the consent of the abutting owners upon the highway had been obtained, but no express grant, legislative or municipal, of any right to lay or maintain its pipe line, had ever been obtained. It was there held that an assessment for a special franchise should be vacated "on the ground that the relator's property right sought to be taxed herein is not a special franchise within the meaning of the Franchise Tax Law." It did not appear in that case that the relator could, under the law, obtain a franchise to lay its pipe line in the highway for the purpose of conveying water for its own private uses in its mining operations, nor that it could, even with the consent of the proper authorities, lawfully occupy the highway for such purposes, nor was the transportation of water one of the purposes of its corporate organization and existence; the distinction being that in that case there was no authority conferred by the Legislature upon the town authorities to grant permission to a corporation to occupy the highway for its own private purposes, while in the case at bar the relator is performing the functions of a public corporation, engaged in the transportation of natural gas from Pennsylvania through

136 N.Y.S.—37

our state to be distributed in the city of Buffalo and vicinity. It has applied to and received from the state a certificate entitling it to the rights and privileges accorded to a domestic corporation organized for like purposes. A domestic corporation, in order to obtain a special franchise to occupy the highway for such purposes, must only obtain the consent of the commissioner of highways in addition to the consent of the abutting owners. The statute does not prescribe the manner in which such consent of the commissioner of highways must be given.

We think that the use of the highway by the relator for the long period of years, with the knowledge of such use by the town authorities, without any objection on their part, is a sufficient consent to satisfy the requirements of the statute. The relator has apparently never considered it necessary to seek to obtain and file any formal consent from the town authorities in order to enable it to enjoy all the privileges of a special franchise, and we therefore think that the relator is estopped from denying that it has a franchise authorizing it to maintain its pipe line in the highways of the town of Little Valley.

It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.