The findings are returned to the clerk. It is requested that each party serve upon the other a copy of his proposed findings, and that no evidence be included therein to be passed upon by the court; such findings to be submitted within five days.

Judgment accordingly.

---

(79 Misc. Rep. 134.)

PEOPLE ex rel. EAST RIVER TERMINAL RY. v. STATE BOARD OF TAX COM'RS (CITY OF NEW YORK, Intervener).

(Supreme Court, Special Term, Kings County. January, 1913.)

TAXATION (§ 171½*)—SPECIAL FRANCHISE—DEFENSES.

Where a railway company occupies a public street under color of right, it cannot escape payment of a special transfer tax by alleging that it is a wrongful trespasser.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 171½.*]

Certiorari by the People, on the relation of the East River Terminal Railway, against the State Board of Tax Commissioners, in which the City of New York intervenes. Writ dismissed.

Parsons, Closson & McIlvaine, of New York City (Jarvis P. Carter, of New York City, of counsel), for relator.

Archibald R. Watson, Corp. Counsel, of New York City (Addison B. Scoville, of New York City, of counsel), for City of New York.

Thomas Carmody, Atty. Gen. (William A. McQuaid, of New York City, of counsel), for defendant.

BLACKMAR, J. The relator occupies with its tracks certain streets in the city of New York for railroad purposes, but resists the payment of the special franchise tax thereon. It has used the streets for a number of years, and now argues the invalidity of its right so to do as a ground for exemption from payment of the tax imposed upon the exercise of this privilege.

The question has been argued at length by counsel for relator and the defendants. The relator claims that it is unlawfully in the streets, and, therefore, cannot be taxed for their use, and the city claims that the relator has a complete special franchise therein. I do not propose to decide this question. It should be decided in a case of such a nature that the decision could be followed by a judgment either ousting the relator from the streets or adjudging its rights thereto. In my opinion, when a railway company, or other public service corporation, is using the public streets under color of right, consisting of a certificate of incorporation, a certificate amending the same, a contract with the municipality, or other documents, it should not be permitted to claim the validity of the instrument to support its use of the streets, and their invalidity or insufficiency to escape being taxed for such use.

Perhaps all the elements of an estoppel in pais do not exist. But the courts have used that word to justify their refusal to entertain or examine a claim of a litigant when the allowance of such claim can only result in injustice, even if all the elements of estoppel in pais are not

found. The term seems to be so used in People ex rel. United Gas Co. v. Priest, 152 App. Div. 249, 136 N. Y. Supp. 575, and People ex rel. N. Y. C. & H. R. R. R. Co. v. Priest, 206 N. Y. 274, 99 N. E. 547. So long as the relator is using the streets, it should not be permitted to escape taxation therefor by alleging that it is a wrongful trespasser.

Writ dismissed, with costs.